CITY OF ELDORA, Appellant, v. JOSEPH EDGINGTON, Appellee.

130   151
e138   435

Streets: DISPUTED BOUNDARY: EVIDENCE. While mere lapse of time or failure to assert its right will not estop a city from claiming the existence of a street line as different from that claimed by the abutting owner, yet it will justify requiring the city to establish its right by clear and satisfactory evidence before dispossessing a citizen of property over which he has long exercized ownership.

Evidence held insufficient to support the city's claim to a strip of land for street purposes as against the abutting owners long possession.

Same: ACQUIESCENCE. Acquiescence by a city and abutting property owner for a long time in a certain line as the street line is evidence of more or less weight according to the circumstances that such line is the true boundary, where there is no showing of mistake or that there was no intention to claim the same as the true line. Evidence held not to be of that clear and satisfactory character required to establish a boundary different from the one acquiesced in.

*Appeal from Hardin District Court.*— HON. W. D. EVANS, Judge.

FRIDAY, MARCH 9, 1906.

SUIT in equity to abate an alleged nuisance maintained by the defendant in one of the streets of plaintiff city. The alleged nuisance is a fence in said street and the occupancy of a part of the property inclosed by the defendant. Defendant denied the alleged nuisance, and also pleaded adverse possession, acquiescence, and an estoppel upon the city, due to his occupancy and improvement of the property as his own. Laches on the part of plaintiff is also pleaded in defense. On the issues thus joined, the case was tried to the court, resulting in a decree dismissing plaintiff's petition. Plaintiff appeals.— *Affirmed.*

*George W. Ward,* for appellant.

*Albrook & Lundy,* for appellee.

DEEMER, J.— This is not an unusual controversy between a city and a property owner over the proper location of a line between a street and abutting property. Defendant Edgington was the owner of a tract of land adjoining the original town plat of the city of Eldora. Through this original plat, and as a part thereof, was Washington

street, running north and south through the town.   Before
defendant platted his land, which adjoined the original
town site, there was a public highway known as the " Clarkes-
ville and Des Moines State Road," which had been estab-
lished in the year 1858 on the section line between sections
seven and eight, which was the eastern boundary of defend-
ant's property, 66 feet wide, 33 feet on either side of said
line, which was approximately an extension of Washington
street northward.   In the year 1870 defendant platted the
N. E. one-quarter of the N. E. one-quarter of section seven
as Edgington's addition to the town of Eldora, and in this
plat he treated the public highway as an extension of Wash-
ington street, so denominating it on his plat, and declared in
this plat that it was sixty-six feet wide, thirty-three feet on
either side of the section line.   This plat was duly filed for
record, and since that time the street so shown has been
treated and used as a public street and highway, just as it
had theretofore been used as a highway.

Defendant now owns a strip of ground abutting on said
street for a distance of three hundred and fifty-five feet
north and south, and it is claimed by the city that he is
in possession of, and is using, a strip six and seventy-five
hundredths feet along this entire distance, which properly
belongs in the street, and that he has his fence set out into
the street and has otherwise obstructed the same.   Defend-
ant denies that he is using any part of the street, and claims
that his occupancy and his fence are up to and on the true
line.

In such cases as this, the first inquiry is, Where is the
true line?   For, if plaintiff has not established that the
street line is where it claims it to be, there is nothing more
to consider.   There is a dispute in the ab-
stracts as to the record, and we have gone to
the transcript for the facts.   The dispute is
primarily over the true boundary line between defendant's
property and the street.   It appears without dispute that

1. Streets: dis-
puted bound-
ary; evidence.

for more than forty years defendant has occupied and used the property down to, and maintained a fence upon, the line now claimed by him. At an early day he had a survey made by a county surveyor to determine his line, who found it to be where the fence now is, and his plat was made with reference to this survey. Until comparatively recent years, all owners of property in the addition have treated the west line of Washington street, through said addition, as being where defendant's fence now is. More than thirty years ago defendant put out trees upon the property in dispute, and some of them, now large in size, still stand. He constructed a board sidewalk just outside the line marked by the fence at the request of the city, and maintained it until a few years ago, when it was torn out and cinders substituted. While for many years there has been a dispute as to the line, no affirmative action was taken by the city, save to direct the removal of some barbed wire from the fence, until the commencement of this action. The difference between the parties has been due to the true location of the original government corner at the northeast of section seven. No vestige of the original pit, mound, or stake remains. Defendant, however, says that, when the county surveyor made the survey for him, other government monuments were found, and that the line between his property and the street was fixed with reference thereto. For all this time, while there may have been some dispute or division as to the true line since the year 1878, defendant has insisted that his fence marked the true one, and he has refused to concede the somewhat indefinite claims made by the city and its officials. As said in *Mt. Vernon v. Young,* 124 Iowa, 523, while mere lapse of time or failure to assert a public right will not of itself estop a city from asserting the existence of a street or street line, it does afford good ground for insisting that, before dispossessing a citizen of property over which he has long been exercising ownership, the public right thereto shall be established by evidence of a clear and

unequivocal character.   Moreover, it is universally held that a city may abandon a part of its street, or by nonuser forfeit its right thereto, and it may be foreclosed by agreement or acquiescence as to the true line.   *Weber v. Iowa City,* 119 Iowa, 638; *Corey v. Ft. Dodge,* 118 Iowa, 747.

To rebut the showing made by defendant as to the true line, plaintiff introduced a surveyor, who attempted to establish the line now claimed by it as the true one.   This surveyor accepted as correct a stone found at the northeast corner of section seven.   This was not a government monument, but was pointed out to him by parties living in the vicinity as the true corner.   None of these parties ever saw the original corner, and their testimony amounted to no more than a showing of recognition thereof by certain persons, not including defendant, for many years, as being the true one.   The surveyor in no manner verified this corner by going to other known corners or fixed monuments.   According to his survey thus made, he fixed the line between defendant's lot and the street at the place where plaintiff claims it to be.

The trial court evidently did not regard this survey as sufficient to overcome defendant's showing as to the true corner, and the acquiescence by the parties in interest therein. It had the advantage of having this surveyor before it, and we are not prepared to say that its conclusion as to the true line is not correct.

While not holding that the statute of limitations applies to a city so as to prevent its exercise of governmental functions, or that one may acquire title to streets or high-

2. SAME: acquies-ways or any part thereof by adverse possession,
ence.               the doctrine of acquiescence in a certain line as being the true one seems to apply to both city and county. That is to say, in the absence of some testimony showing mistake or failure of intent to claim to a line recognized for nearly forty years as being the true one, acquiescence or agreement is to be treated as evidence of the location of

the true line, of more or less weight, depending, of course, upon the circumstances of each particular case.

Defendant purchased his property about the year 1864, and either found the fence where it now is, or soon placed one there. He had the property surveyed, and found that according to that survey he was on the true line. He has ever since maintained this fence, and used and occupied the property inside thereof as his own. The county authorities never made any objection to this line, but apparently acquiesced therein so long as they had any jurisdiction over the matter. When defendant made his plat, he did so with reference to the survey theretofore made for him, and with reference to the line which he now claims to be the true one. Plaintiff made no sort of objection to this line until the year 1878. Since that it has made occasional protest against the fence, and has infrequently suggested that it was not upon the line. For more than twelve years both city and county acquiesced in the line claimed by the defendant. The highway and street were in public use all this time the public claiming, asserting, and exercising rights therein, but never disputing the boundary line as established by defendant. In view of these facts, we are inclined to agree with the trial court in its conclusion that plaintiff has not made that clear and satisfactory showing necessary to deprive defendant of the property in controversy.

The resurvey made by plaintiff's witness should not, on account of the manner in which it was made, be accepted as a verity. The building of the fence and the planting of the trees should not, and will not of themselves, estop plaintiff from the exercise of its municipal functions as an instrumentality of government, for it cannot be concluded in that manner. But these acts should and will be considered as bearing upon the true location of the line.

We find no reason for disturbing the decree of the trial court, and it is *affirmed*.